# NOVEMBER 6, 1940

### T. J. BARRON V. THE STATE.

No. 21200.  Delivered November 6, 1940.

The opinion states the case.

*Frank Sparks,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the theft of chickens, and by the jury fined the sum of $25.00.

Appellant pleaded guilty, and the issue presented to the jury by the court was the amount of punishment.

Bill of exceptions No. 1 complains of the circumstance that while the trial of this cause was in progress a class of the public school of Cisco, Texas, came into the court room, evidently for the purpose of observing the procedure in the trial of criminal cases. During an interim in the trial, but in the presence of the jury, the trial court briefly addressed this class and explained to them the procedure relative to the trial of criminal cases, and the charge in this particular case in general terms.

We find naught in such a statement by the court of a harmful nature, nor anything calculated to influence the jury in any way to the detriment of the appellant, nor is anything in such remarks pointed out to us as calculated to influence the trial of this case to the detriment of appellant's rights. However we note that immediately upon appellant's attorney objecting to such remarks, the court did turn to the jury and instruct them to pay no attention to any remarks so made by him to such public school class. Under appellant's plea of guilty, we do not think a $25.00 fine evidenced any improper influences as exercised upon this jury.

Appellant's bill of exceptions No. 2 is based on his objections to the introduction of a written confession signed by appellant, the main objection seeming to be because the warning incorporated therein makes the statement that "I, T. J. Barron, having been placed under arrest on a charge of theft of chickens do hereby make the following voluntary statement," etc., whereas in truth and in fact no complaint had been filed at such time against appellant for the theft of said chickens, and therefore appellant's attorney alleges that appellant was misled into making such statement. While the testimony does show that appellant did not at such time have a complaint filed against him charging the theft of such chickens, he was under arrest

at such time on account of such theft, and the preliminary statement in such statement was true, and the truth could certainly not mislead him to his hurt, and especially in view of the light penalty assessed him upon a plea of guilty.

We see no error presented, and the judgment is affirmed.